## SMITH & LENNARD *vs.* LARD, ᴇᴛ. ᴀʟ.

If there is no equity in the biil, the injunction it prays for ought to be refused.

In Equity, in Randolph Superior Court. Decision by Judge KIDDOO, at Chambers, June, 1859.

This was a bill filed by Smith & Lennard, partners, to enjoin proreeedings under an execution, which had been levied on certain property alleged to belong to complainants.

The bill states, that complainants purchased, in October, 1856, from Lodwich E. Lard a lot or parcel of land in the town of Cuthbert, and took his deed of conveyance for the same. That at the time, there was an execution against Lard, in favor of E. H. Marlin, amounting to about fourteen hundred dollars, which execution had been transferred to John M. K. Gunn, who became, and is now the legal owner thereof.

The bill further states that about the 1st October, 1856, said execution was levied upon certain property, as that of defendant Lard, and said levy advertised by the sheriff as " one-third interest of steam mills and fixtures, together with one-third interest of eleven hundred acres of land immediately attached, being the interest formerly owned by Thomas Douglas; one-third of one-half of lot of land, No. 118 ; one-third interest of lot of land lying east of the mill, and cornering on the Hugh McKinnon lot, number not known; one-third saw timber on lot of land No. 112 ; one-third saw-timber on lot No. 29, all in the 6th district of Randolph county, levied on as the property of L. E. Lard and Martin D. Kendrick, under a *fi. fa.* issued from the Superior Court of Randolph county, in favor of E. H. Marlin, against L. E. Lard and M. D. Kendrick,

makers, and Thomas D. Douglas and William E. Callier, endorsers, and others, in my hands."

That under-said levy and advertisement, said property was offered for sale on the first Tuesday in January, 1857, and bought by one John Hendricks, at and for the sum of $1810, he being at that price the highest bidder, but said purchaser refused to comply with his bid and pay the amount thereof, on the ground that the sale was illegal and void.

The bill further states that the property was re-advertised for sale, and that this advertisement stated that the property had been levied on as the property of Lard, to be sold at the risk of the purchaser; and that in May, 1857, it was again offered for sale by the sheriff, when John M. K. Gunn, the assignee of the *fi. fa.* became the purchaser of the lot, and for the sum of one thousand dollars, he being at that price the highest bidder, and the sheriff executed and delivered to him a deed for the property, and put him into possession of the same.

The bill further states, that under legal proceedings had to enforce the bid made at the first sale by Hendricks, or the difference between that bid and the last sale, it was held and determined by the Supreme Court of the State, that said sale was void. And complainants allege and submit that the first sale being adjudged void, the second sale made in May, thereafter, was also null and void, and that said property still belongs to Lard, and subject to said *fi. fa.* The levy endorsed by the sheriff on the *fi. fa.* designated the property as that of all the defendants in the execution, while the advertisement mentions or describes it as the property of Lard alone, and for which reason, said sale was held and adjudged illegal and void.

The bill further charges, that if the first sale had been legal, the purchaser would have complied with his bid, and thus an amount sufficient to satisfy said execution would have been raised and paid thereon. And that if

the levy and advertisement had corresponded at the last sale, the property would have sold for more than enough to satisfy said *fi. fia.*, and thus the property purchased of Lard by complainants discharged from its lien, whereas there is still due on said *fi. fa.* about $900, and the same has been levied upon complainant's lot, and advertised to be sold. That Lard is insolvent, and the warranty contained in his deed to complainants, unavailing and worthless.

The prayer of the bill is, that said *fi. fa.* be enjoined, and that the sheriff and Gunn be restrained from proceeding with said levy and sale, &c.

The Judge refused to sanction the bill and to grant an injunction as prayed for, and complainants except, and assign error.

E. H. PLATT and W. C. PERKINS, for plaintiffs in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Did the court err in refusing to grant the injunction? We think not; we think that there was no equity in the bill.

It may be assumed that there was no equity in the bill, unless it was true, as alleged by the bill, that the sale of the land by the sheriff, to Gunn, was void. If that sale was good, the land ceased to be Lard's, and became Gunn's, and therefore it is not now subject to the *fi. fa.*

Was that sale void? The complainants insist that it was, and the reason they give for so insisting is thus stated by them: " because orators charge that the levy designates said property as that of said defendants, all of them, while the advertisement under which Gunn purchased, describes it as the property of Lard alone."

But first, we do not find that this reason is true, in

point of fact.   The bill gives but one levy, and it gives that thus : "your orator further sheweth, that on the first day of October, 1856, Early Varner, as deputy sheriff of said county, levied said *fi. fa.* upon certain property, as that of Lodwick E. Lard, to-wit: one-third interest of steam mill and fixtures," &c., "all in the 6th district of said county, and levied on as the property of defendant," &c., not as the property of defendants.   It is not true, in fact, then, that this "levy designates said property as that of said defendants, all of them."   This levy designates it as the property of Lard only.

The reason being, in point of fact, not true, there can be no valid conclusion from the reason.   Consequently, the conclusion stated in the bill, that the sale to Gunn was void, cannot be a valid one.

But what is the true conclusion from the real facts, the facts as they are stated in the bill?   It is the opposite to that drawn in the bill—it is that the sale to Gunn was valid—for the facts as stated by the bill are that the property was levied on as Lard's, was advertised as Lard's, was sold as Lard's, and was bought by Gunn as Lard's. Consequently, it must be true, that the sale to Gunn was valid, if regularity in these respects could make the sale valid.

This would be enough to show that there is no equity in the bill as it stands, but we are by no means prepared to say that the sale was void, even if it were true, that the property was levied on as the property of all the four defendants, and was advertised and sold as the property of only one of them, Lard.   The greater includes the less, the levied property, therefore, included the advertised and sold property.   If the levy gave the right to sell the whole of what was levied on, why did it not give the right to sell a part?   Who would be hurt by a sale of a part?   The other part would still remain subject to be sold.   Gunn might still sell the interest of the three other

defendants than Lard; and, out of that interest, make the balance of his money. It may be true, that Gunn would not be bound to do this, that he would be at liberty to make that balance out of other property of Lard's, or of Lard's vendees, if subject to his *fi. fa.* to make it, say, out of this property sold by Lard to the complainants; yet if he did so, he would do only what a plaintiff in *fi. fa.* has the legal right to do; he would do only what he might have done at first, for he might at first have instructed the sheriff to levy the money out of Lard exclusively; he would do no lasting harm to Lard, or his vendees, the complainants, for if, in this way, he should make an over proportion of his money, out of Lard's property, or out of that of Lard's vendees, Lard or Lard's vendees would be entitled to contribution from the other three defendants, and thus, in the end, Lard or his vendees would lose nothing.

But, as before said, it is sufficient that it does not appear to be true, that the property was levied on as the property of the "defendants, all four."

Judgment affirmed.